IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ROMANTIC TOURS, INC.,
a Florida corporation,

       Plaintiff,

v.                               CASE NO:_____

WHOIS PRIVACY PROTECTION
SERVICE, INC. a Nevada Corporation,
JIMSLISTS.COM, an entity of
unknown origin, JIM McDONALD,
and DOES 1-5.

       Defendants,

_____/

                                                   **COMPLAINT AND
DEMAND FOR JURY TRIAL**

The Plaintiff, ROMANTIC TOURS INC. ("RTI"), sues the Defendants, WHOIS PRIVACY PROTECTION SERVICE, INC, JIMSLISTS.COM, JIM McDONALD, and JOHN DOES ONE through FIVE seeking, *inter alia*, injunctive relief and damages pursuant to the common law and the Lanham Act, and alleges:

## THE PARTIES

### Plaintiff

1.      Plaintiff RTI is a corporation duly organized under the laws of the State of Florida with a principal place of business at 1415 Pinehurst Road, Suite K in Dunedin, Pinellas County, Florida.

2.      RTI owns and operates two international online dating websites, Russianlovematch.com and Hotrussianbrides.com ("Websites"). The Websites provide an online forum for Russian/Ukrainian women and western men to correspond and build relationships over the Internet.

3.     RTI is the owner of several trademarks registered with the United States Patent and Trademark Office ("PTO").   These include "RUSSIAN LOVE MATCH" (Reg. No. 3,086,339) and RUSSIANLOVEMATCH.COM (Reg. No. 3,602,229) in International Class 045 for "Dating services, namely, relationship introduction" and "HOT RUSSIAN BRIDES" (Reg. No. 3,159,522) and "HOTRUSSIANBRIDES.COM" (Reg. No. 3,602,236) in International Class 045 for "dating and marriage partner introduction services" (collectively, the "Registrations").

4.     Each of these registrations has a first-use date in 2004, is on the Principal Register and remains in good standing.

5.     The Registrations are prima facie evidence of the validity of the Marks and RTI's exclusive right to use the Marks in commerce.  Attached to this complaint as Composite Exhibit "A" are true and correct copies of the Registrations.

6.     RTI has invested significant time and money in advertising and developing the Marks and the Websites.  Through these efforts, RTI has become well recognized as a leader in the international online dating industry for Russian/Ukrainian women.

7.     RTI is dedicated to facilitating genuine correspondence between Russian/Ukrainian women and western men.  RTI prides itself in providing a quality atmosphere and experience for its members to find true relationships through the Internet.  Through RTI's efforts, RTI has acquired considerable goodwill in the registered marks that are the subject of RTI's Registrations (hereafter the "Marks").

8.     RTI is the senior user and owner of all of its Marks.

**Defendants**

9.     Upon information and belief, Defendant JIMSLISTS.COM is an Internet domain whose identity of ownership/registration is obscured and or kept secret by the other defendants.

10.     Defendant JIM McDONALD ("McDONALD") is the actual or more likely alias name of the owner/registrant of the JIMSLISTS.COM domain name and the relating www.jimslists.com website. RTI will amend this complaint to add the true name(s) of JIM McDONALD if and when it becomes known to RTI.

11.     McDONALD has consistently gone to extremes to keep his true identity hidden, *inter alia*, by operating behind proxy domain registrations and offshore computer servers. Most recently, McDONALD wrote to RTI: "[I]f you continue to pursue Jim McDonald, know that it is not me. He is someone that helps me by paying for my hosting. This way, I stay anonymous. He has nothing to do with my sites."

12.     McDONALD has also sought to hide his identity by providing false contact information for his registered domains including JIMSLISTS.COM and then, when investigated, by switching his registrar of record for the JIMSLISTS.COM domain. For example, as of August 5, 2008, McDONALD used TUCOWS, Ltd., a Canadian entity, as the registrar for the JIMSLISTS.COM domain. After RTI contacted TUCOWS and demonstrated that McDONALD had provided false contact information in violation of ICAAN rules and TUCOWS' own contract with ICAAN, TUCOWS locked the JIMSLISTS.COM domain so it could not be transferred pending investigation.

13.     McDONALD then proceeded to provide additional false contact information, but an actual working email address or telephone number. This caused TUCOWS to unlock the domain. Sometime after TUCOWS unlocked the JIMSLISTS.COM domain, but by May 5, 2009 at the latest, McDONALD switched its registrar for the JIMSLISTS.COM domain to ENOM, a Washington State entity.

14.     RTI pursued ENOM for the correct contact information for the JIMSLISTS.COM domain.  Upon information and belief, this caused McDONALD to once against switch the registrar for the JIMSLISTS.COM domain, this time to GO DADDY.COM, an Arizona entity.

15.     Upon information and belief, Defendant WHOIS PRIVACY PROTECTION SERVICE, INC. ("WHOIS PRIVACY") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Bellvue, Washington.  WHOIS PRIVACY regularly does or solicits business in Florida, engages in a persistent course of conduct in Florida and/or derives substantial revenue from services used in Florida.  Upon information and belief, WHOIS PRIVACY purposefully acts as a front organization for entities such as McDONALD to hide their true identities when registering and operating Internet domains.

16.     As the named Registrant of the JIMSLISTS.COM domain, WHOIS PRIVACY is for all practical purposes McDONALD and/or an intentional front for and co-conspirator with McDONALD.

17.     JOHN DOES one through five are unknown individuals or entities who are co-conspirators with McDONALD.   RTI will amend this complaint to add the true name(s) of JOHN DOES if and when they become known to RTI.

18.     WHOIS PRIVACY, MCDONALD, and JOHN DOES one through five are referred to collectively hereafter as "McDONALD".

## JURISDICTION AND VENUE

19.     This is a suit for violations of the Lanham Act, defamation, tortious interference, and trade libel/injurious falsehood, for damages in excess of $75,000.00.

20.     This Court has jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, 1338(a), and 1367.

21.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) & (c).

## GENERAL ALLEGATIONS

22.     McDONALD owns, controls, and operates a website known as JIMSLISTS.COM.

23.     McDONALD intentionally hides his true identity and his ownership and control of JIMSLISTS.COM.

24.     Through JIMSLISTS.COM, McDONALD has orchestrated a scheme to defame RTI, to infringe and disparage RTI's Marks, to tortiously interfere with RTI's customers and prospective customers and to extort money from RTI.

25.     At no time has McDONALD or anyone else associated with JIMSLISTS.COM sought or received permission from RTI for the use of RTI's Marks.

26.     As part of this scheme, McDONALD, through JIMSLISTS.COM, holds himself out as a "marriage/dating agency checklist." This, however, is a ruse.

27.     At the JIMSLISTS.COM website, McDONALD knowingly and intentionally falsely disparages and defames RTI, while advertising for RTI's competitors. Upon information and belief, McDONALD profits monetarily from the business directed to these competitors of RTI.

28.     McDONALD has attracted attention to his JIMSLISTS.COM website through misappropriation of RTI's federally protected Marks via metatags, keywords, search terms and/or post-domain usage of the Marks. Consequently, consumers that are searching for RTI's Websites, including those in Florida, have been diverted to JIMSLISTS.COM.

29.     Once diverted to the website, McDONALD, through JIMSLISTS.COM, disparages and defames RTI and the Marks by knowingly and intentionally posting false and defaming information.  For example, JIMSLISTS.COM has knowingly falsely claimed that RTI is a crook and criminal orchestrating a scam on unassuming customers.

30.     McDONALD further orchestrates his tortious scheme by encouraging RTI customers to take part in a class action lawsuit against RTI based on information alleged by McDONALD at JIMSLISTS.COM that McDONALD knows is false.

31.     McDONALD also has interfered with RTI's business relationships by encouraging RTI's customers and others to send emails to entities with whom RTI does business and asserting that these entities are "supporting criminals" based on information alleged by McDONALD at his website AGENCYSCAMS.COM that McDONALD knows is false.

32.     McDONALD also has interfered with RTI's business relationships by encouraging RTI's customers to make formal complaints with the Pinellas County Florida, Consumer Protection division ("Pinellas Consumer Protection") based on information McDONALD knows is false.  These efforts resulted in at least five frivolous complaints being filed against RTI by RTI customers with Pinellas Consumer Protection in 2009.   RTI had to incur attorney's fees to rebut the claims of these customers.

33.     This interference by McDONALD through JIMSLISTS.COM currently includes encouraging RTI customers to make complaints based on false information provided by McDONALD through JIMSLISTS.COM against RTI via the Florida State Division of Consumer Services and the West Florida Better Business Bureau.

34. Thus, McDONALD has been purposely and falsely disparaging RTI's Websites and Marks at JIMSLISTS.COM to reduce interest in the Websites by users and possible users of RTI's Websites and reduce goodwill in RTI's Marks.

35. Moreover, McDONALD uses and/or has used RTI's Marks in metatags, keywords, post-domains and/or other domain names and in actual text on his JIMSLISTS.COM web pages to induce web users to his JIMSLISTS.COM website at which he promotes competing businesses from which, upon information and belief, McDONALD makes monetary profit.

36. The post-domains used by McDONALD to cause initial interest confusion with RTI's marks have included JIMSLISTS.COM/AGENCIES/HOTRUSSIANBRIDES and JIMSLISTS.COM/AGENCIES/RUSSIANLOVEMATCH.

37. The other domain names utilized by McDONALD to cause confusion have included at least <hot-russian-brides-scam.com>, <hot-russian-bridesscam.com>, <russian-love-match-scam.com>, <scam-hot-russian-brides.com> and <scam-russian-love-match.com> ("Infringing Domain Names").

38. Each of the above sub-domains and domain names have infringed the Marks and resolved to a website that disparages and defames RTI and seeks to reduce goodwill in its Marks. Further, each of the Infringing Domain Names provides or has provided direct links back to JIMSLISTS.COM as a related parent website and instructs or has instructed consumers to send all correspondence to JIMSLISTS.COM. McDONALD is responsible for these actions, the main purpose of which is to steal business from RTI towards competing companies from which, upon information and belief, McDONALD profits monetarily.

39.     McDONALD's use of RTI's Marks, including use in these post-domains and domain names, constitutes trademark infringement of RTI's federally-protected Marks.

40.     McDONALD's use of RTI's Marks on its website constitutes the unauthorized use of RTI's federally protected and registered marks in connection with the offering for sale of services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such services.

41.     McDONALD's conduct has created and will continue to create confusion among the members of the relevant consuming public including but not limited to initial interest confusion.

42.     In addition, McDONALD's scheme is defamatory and libelous.

43.     McDONALD has knowingly and maliciously published false and defaming statements about RTI via the Internet at JIMSLISTS.COM.   Attached to this complaint as Exhibit "B" is a true and correct copy of examples of the false and defaming statements published by McDONALD and JIMSLISTS.COM.

44.     For example, McDONALD and JIMSLISTS.COM state that the RTI's Websites are flat out scam sites and that RTI is a "criminal." These statements are false.

45.     McDONALD   has   claimed   at   JIMSLISTS.COM   that   RTI   allows Russian/Ukrainian women to be paid to correspond and/or chat/video chat with customers of RTI even though these women allegedly have no interest in meeting any western men, simply to make money for RTI.  These statements are false.

46.     McDONALD has claimed at JIMSLISTS.COM that RTI allows agency staff in Russia/Ukraine to pose as interested women simply to make money for RTI.  These statements are false.

47.     Recently, in April 2010, RTI filed a Uniform Domain Name Dispute Resolution ("UDRP") complaint against the JIMSLISTS.COM domain regarding the infringing use of RTI's Marks in post-domains such as JIMSLISTS.COM/AGENCIES/HOTRUSSIANBRIDES.  Despite having previously admitted in a correspondence to RTI that "Jim McDonald … is not me" and that "[h]e [Jim McDonald] has nothing to do with my sites," McDONALD claimed in his UDRP response that the registrant of the JIMSLISTS.COM domain was indeed Jim McDonald.

48.     Nevertheless, as part of the ongoing scheme to defame and steal business from RTI, McDONALD did not list his proper contact information.  When pushed on this point, on April 14, 2010, McDONALD provided false contact information regarding a supposed address in Samara, Russia.  An investigation into the address by a private investigator in Russia showed that the address provided by McDONALD does not exist and that no one named "Jim McDonald" was even registered to reside in Samara, Russia as required by national law.

49.     Seeking on April 20, 2010, to explain how he came to provide a non-existent address, McDONALD claimed in a subsequent filing in the UDRP action as follows in continuance of his fraudulent scheme:  "The landlady gave me my address.  Maybe she is wrong.  I don't know.  There are no markings on the door to my flat."

50.     Despite dismissing the UDRP action because "the UDRP does not offer relief for infringements via use of registered trademarks in post-domains [as opposed to the main domain name itself]," the UDRP Panelist found as follows:

> Based on the provided evidences, particularly the submitted print-outs of search results from the google search engine and print-outs of the relevant pages from the webpage http://jimslists.com/agencies/hotrussianbrides.html,   Complainant established that the use of the sign "hotrussianbrides" within the disputed domain may lead customers interested in HOT RUSSIAN BRIDES® services to the <jimslists.com> domain. Complainant further established that the contents of the web pages at the

<jimslists.com> domain do not relate to Respondent's genuine business, but particularly contains information on HOT RUSSIAN BRIDES® services of defaming character.

Complainant further established that JIMSLISTS.COM is affiliated with competing websites to include <loveme.com>, <luckylovers.net> and/or <elenasmodels.com> as the evidences show that the mentioned websites are linked to the <jimslists.com/agencies/hotrussianbrides> post-domain.

Complainant also produced evidences establishing that Respondent contacted him via e-mail, admitted that his website had caused Complainant monetary losses and requested that Complainant and other businesses involved make an offer to buy his website.

In its Response submitted on April 8, 2010, which is deficient in light of the requirements of UDRP Supplemental Rule 5(a) and 5(b), Respondent represents himself as "Jim McDonald" and asserts that he is known by name by thousands of men around the world as the individual owner of jimslists.com. No evidences have been provided to support these controversial allegations.

*Romantic Tours, Inc. v. Whois Privacy Protection Service, Inc.*, FA 1316557 (Apr. 28, 2010).

51.     Most recently, at or around the time of dismissal of RTI's UDRP because it focused on post-domains instead of the main JIMSLISTS.COM domain itself, McDONALD posted additional defamatory information on the Internet regarding RTI and its websites including but not limited to knowingly false claims that RTI "is a scam," that "[t]he girls are hired to chat," that "[t]hey are not real girls who are looking for love [but instead] are looking for a paycheck," and that profiles are allegedly manipulated such that the person a male client is speaking with is not the person with whom he thinks he is communicating.  McDONALD knowingly and claims falsely in this same post: "This is not maybe.  This is not hearsay.  This is not advice.  This is a fact – Hot Russian Brides is a MAJOR scam agency.  Girls are paid to chat."

52.     McDONALD knows or should know that his posts about RTI are false and pose substantial danger to the reputation of RTI.

53.     McDONALD posts fraudulent and/or manufactured testimonials allegedly from Russian/Ukrainian women at JIMSLISTS.COM seeking to discredit RTI.  The statements in these testimonials are false and pose substantial danger to the reputation of RTI.

54.     McDONALD acted and continues to act with actual malice in posting these false statements.

55.     McDONALD utilizes his false posts to encourage customers of RTI to lodge complaints which are aimed at further denigrating RTI and the Marks.

56.     McDONALD's tortious actions have caused RTI's customers to terminate contractual relationships with RTI and have deterred RTI's prospective clients from entering into contractual relationships with RTI.

57.     On March 25, 2010, in furtherance of McDONALD's scheme, he sent an email (the "Extortion Email") to RTI threatening further defamation and disparagement unless RTI agreed to buy JIMSLISTS.COM.  A copy of the Extortion Email is attached at Exhibit "C".

58.     In a mocking manner, McDONALD's Extortion Email bullied: "How much do you lose per month because of my site? How much per year? Make a nice offer and buy my site. Problem solved."

59.     McDONALD's Extortion Email made clear that if RTI was not willing to pay McDONALD to end his extortionate scheme,  "new campaigns are in waiting."

60.     The Extortion Email also made clear that trying to stop McDONALD's extortionate scheme through legal means without paying him off would prove nearly impossible because he was intentionally hiding.  It stated:

> And if you continue to pursue Jim McDonald, know that it is not me. He is someone that helps me by paying for my hosting. This way, I stay anonymous. He has nothing to do with my sites. Go all

the way as to sue him and take his computer you will find NOTHING about my sites on his computer.

61.     The Extortion Email was intentionally directed at RTI in Pinellas County, Florida, where RTI is publically known to be headquartered.

62.     McDONALD's scheme of defamation, disparagement, and extortion has had an effect on RTI in Florida and many other states where considerable numbers of customers and prospective customers have been falsely mislead by McDONALD into not doing business with RTI, including but not limited to Brad C., Dean H., Wayne O., Ross L., Phil D., Rob S., Rocco B., Robert A., Lee L., Victor R., Takehito N., Simon J., Ben P., Greg K., Alan I., Tom M., Mike J., Neal H., Mark H., Richard B., Vernon S., Jason L., Todd B., Michael J., Jim B., Mateo I., David L.

63.     These and other former customers of RTI lost because of McDONALD's scheme have told RTI that they were leaving RTI because of information read on JIMSLISTS.COM or another of McDONALD's similar websites.  These comments have included statements such as: "[Your website] is a scamming website and [I] don't want any part of it.  Jim's list advised me" and "Got ya, I want my profile deleted" from a customer who sent an email containing excerpts from JIMSLISTS.COM.

64.     Further, as stated in the Extortion Email, McDONALD is currently attempting to sell what may be his only asset, the JIMSLISTS.COM website and domain name. This means that any judgment RTI may obtain could be worthless because McDONALD may sell the JIMSLISTS.COM website and domain name during the pendency of this action.

65.     At all times those Defendants, other than "Jim McDonald," acted in concert with and aided and abetted McDONALD in perpetrating his scheme by, among other things, helping him conceal his true identity from RTI.

66.     All conditions precedent to the institution and maintenance of this action have been performed or have occurred.

## COUNT I
### Infringement of Federally Registered Trademarks

67.     Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

68.     This is an action for Federal Trademark Infringement by RTI against Defendants that arises under the Lanham Act of the United States for trademark infringement, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§1114-18, inclusive.

69.     Defendants' actions constitute unlicensed use of the Marks.

70.     Defendants' conduct has created and will continue to create confusion among the members of the relevant consuming public, including but not necessarily limited to initial interest confusion, and will cause irreparable and immediate injury to RTI for which RTI has no adequate remedy at law.

71.     RTI has been damaged by Defendants' infringement of its Marks and will continue to be damaged unless Defendants are enjoined by this Court.

72.     Defendants' infringement is intentional, willful and in wanton disregard of RTI's rights.

73.     At all times, Defendants' trademark infringement has been willful and aimed at diverting business to competing companies.

74.     Upon information and belief, McDONALD's actions have also brought McDONALD monetary benefit by diverting RTI customers to other companies that McDONALD recommends at JIMSLISTS.COM from which McDONALD takes a commission and/or salary.

75.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT II**
**False Designation of Origin Under § 43(a) of the Lanham Act**

76.     Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

77.     This is an action for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. §1125(a) by RTI against Defendants.

78.     RTI's Marks have become uniquely associated with and identify RTI and its licensed products and services.

79.     Defendants' use of RTI's Marks constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

80.     Defendants' conduct is likely to cause confusion, including but not limited to initial interest confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendants and their products and services with RTI as to the origin, sponsorship, or approval of Defendants' products and/or services by RTI.

81.     Defendants' infringing and violative conduct has caused irreparable and immediate injury to RTI for which RTI has no adequate remedy at law.

82.     Upon information and belief, McDONALD's actions have also brought McDONALD monetary benefit by diverting RTI customers to other companies that McDONALD recommends at JIMSLISTS.COM from which McDONALD takes a commission and/or salary.

83.     RTI has suffered damages as a result of Defendants' violation of 15 U.S.C. §1125(a) and will continue to be damaged unless Defendants are enjoined by this Court.

84.     Defendants' infringing and violative conduct was undertaken intentionally, willfully and with wanton disregard of RTI's rights.

### COUNT III
### Florida Deceptive and Unfair Trade Practices Act

85.     Paragraphs 1 through 66 are incorporated and re-alleged hereto as if set forth fully herein.

86.     This is an action for damages in violation of Fla. Stat. Ann. §§ 501.201 *et seq.* by RTI against Defendants.

87.     Defendants' actions constitute unfair competition and unfair and deceptive trade practices in that they seek to clandestinely and improperly misappropriate business from RTI to competing businesses based on false accusations styled in the guise of consumer website commentary.

88.     By operating through JIMSLISTS.COM, Defendants seek to deceive and mislead website visitors and have deceived and mislead website visitors into believing that the website is a neutral consumer-based operation when in reality it is propaganda for competing business(es).

89.     Defendants have misappropriated RTI's Marks in an effort to perpetuate their unfair or deceptive act(s) or practice(s).

90.     Defendants' actions occur in trade or commerce that directly and/or indirectly affects the people of the State in Florida.  In addition, Defendants seek to mislead, and upon information and belief have mislead, consumers throughout the United States, including those in Florida.

91.     Defendants' actions have a negative effect on the public interest.

92.     As a direct and proximate result of Defendants' unfair and deceptive practices, RTI has suffered injury to its business or property.  In particular, and without limitation, RTI has suffered damage to the goodwill in its Marks, has suffered monetary damage from responding to complaints and false accusations based on the false statements on the JIMSLISTS.COM website and links thereto, and has suffered monetary damages from loss of business.

93.     Defendants' unfair or deceptive act(s) or practice(s) have caused RTI's injury.

94.     At all times, Defendants' actions have been willful and with malice.

**COUNT IV**
**Florida Defamation**

95.     Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

96.     This is an action for defamation by RTI against Defendants.

97.     RTI is a private figure.

98.     Defendants knowingly and maliciously published false and defaming statements about RTI via the Internet at JIMSLISTS.COM.

99.     Defendants know or should know that their posts about RTI are false and pose substantial danger to the reputation of RTI.

100.    Defendants have acted and continue to act with actual malice in posting these false statements.

101.    As a direct and proximate result of the false statements made by Defendants, RTI's reputation has been damaged.  These damages include, but are not limited to, harm to its reputation, loss of business and loss of goodwill.

102.    All conditions precedent to the institution, maintenance or prosecution of this action have occurred, have been performed or have been waived.

## COUNT VI
### Florida Tortious Interference With Contracts

103.   Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

104.   This is an action for tortious interference with contracts by RTI against Defendants.

105.   RTI has contractual relationships with numerous clients who utilize its online dating websites.

106.   Defendants are aware that RTI has contractual relationships with the individuals who utilize RTI's online dating websites.

107.   Defendants knowingly and maliciously published false statements about RTI via the Internet at JIMSLISTS.COM with the intent to induce RTI's customers to breach their contractual relationships with RTI.

108.   As a direct and proximate result of Defendants' false statements, contracts between RTI and its customers have been breached.

109.   Defendants lack any privilege to induce such breaches.

110.   All conditions precedent to the institution, maintenance or prosecution of this action have occurred, have been performed or have been waived.

## COUNT VII
### Florida Tortious Interference With Business Relationship

111.   Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

112.   This is an action for tortious interference with advantageous business relationships by RTI against Defendants.

113.    RTI has invested considerable sums of money in developing business relationships with individuals.

114.    Defendants are aware that RTI has invested considerable sums of money in developing business relationships with individuals.

115.    Defendants knowingly and maliciously published false statements about RTI via the Internet at JIMSLISTS.COM with the intent to unjustifiably interfere with RTI's advantageous business relationships.

116.    As a direct and proximate result of the false statements made by Defendants, RTI has been damaged by loss of business relationships.

117.    Defendants lack any privilege to interfere with RTI's advantageous business relationships.

118.    All conditions precedent to the institution, maintenance or prosecution of this action have occurred, have been performed or have been waived.

## COUNT VIII
### Florida Tortious Interference with Prospective Business Relationships

119.    All Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

120.    This is an action for tortious interference with prospective business relationships by RTI against Defendants.

121.    RTI has invested considerable sums of money in developing prospective business relationships with individuals.

122.    Defendants are aware that RTI has invested considerable sums of money in developing prospective business relationships with individuals.

123.    Defendants knowingly and maliciously published false statements about RTI via the Internet at JIMSLISTS.COM with the intent to unjustifiably interfere with RTI's prospective business relationships.

124.    As a direct and proximate result of the false statements made by Defendants, RTI has been damaged by loss of prospective business relationships.

125.    Defendants lack any privilege to interfere with RTI's prospective business relationships.

126.    All conditions precedent to the institution, maintenance or prosecution of this action have occurred, have been performed or have been waived.

## COUNT IX
### Florida Injurious Falsehood/Trade Libel

127.    Paragraphs 1 through 66 are incorporated and realleged hereto as if set forth fully herein.

128.    This is an action for injurious falsehood/trade libel by RTI against Defendants.

129.    RTI has invested considerable sums of money in developing contractual relationships and proposective contractual relationships with individuals who are or may become RTI's clients.

130.    Defendants are aware that RTI has invested considerable sums of money in developing contractual relationships and proposective contractual relationships with individuals who are or may become RTI's clients

131.    Defendants published false statements about RTI via the Internet at JIMSLISTS.COM to third persons, including but not limited to customers of RTI.

132.    Defendants knew or had reason to know that the publishing of their false statements about RTI would likely result in inducing others, including customers of RTI, not to deal or not to deal further with RTI.

133.    As a direct and proximate result of the false statements made by Defendants, RTI has been damaged by loss of clients and prospective clients.

134.    Defendants lack any privilege to cause RTI's clients to terminate their contractual relationships with RTI or to deter RTI's prospective clients from entering into contractual relationships with RTI.

135.    All conditions precedent to the institution, maintenance or prosecution of this action have occurred, have been performed or have been waived.

### **PRAYER FOR RELIEF**

WHEREFORE, RTI prays for a judgment against the Defendants that:

1.    Defendants, including their officers, agents, servants, distributors, licensees, subsidiaries, employees, representatives, related companies, and all those acting in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

   a.    Using the Marks or any other mark similar thereto, along or in combination with other words, names, styles, titles, designs, or marks in connection with promotional material, advertisements, packaging or in any other way in connection with advertising, distribution, offering for sale or sale of any product or service, including, but not limited, on websites, domains, post-domains, as a Keyword or part of a Keyword phrase for advertising on Internet Search Engines;

   b.    Otherwise advertising, promoting, distributing, offering for sale, selling or using any mark or domain name in any manner that dilutes and/or is likely to cause confusion with Plaintiffs' Marks RUSSIAN LOVE MATCH, RUSSIANLOVEMATCH.COM, HOT RUSSIAN BRIDES, and HOTRUSSIANBRIDES.COM, or misrepresenting or suggesting sponsorship and/or affiliation by/with Plaintiffs;

   c.    Defaming RTI, its Websites and/or any owner or officer of RTI.

- 20 -

2.      Defendants pay Plaintiff damages equal to: (a) all income derived by the Defendants as a result of Defendants violations and actions detailed above; (b) such damages as Plaintiff has sustained as a consequence of such violations and actions; (c) statutory damages pursuant to the Lanham Act; and (d) enhanced damages as permitted by law.

3.      Defendant McDONALD pay Plaintiff punitive damages.

4.      Defendants pay to Plaintiff the costs of corrective advertising.

5.      The Court award to Plaintiff costs and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), Plaintiff hereby demands a jury trial as to all

claims so triable that are raised by this Complaint.


Dated this 5th day of May, 2010.

JOSEPH J. WEISSMAN, FBN 0041424
(Trial Counsel)
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
403 East Madison Street, Suite 400
Tampa, Florida 33602
E-Mail: josephw@jpfirm.com
(813) 225-2500
(813) 223-7118

CHARLES A. JONES
STEVEN W. McNUTT
TROUTMAN SANDERS LLP
401 9th Street, NW
Washington, DC 20004
(202) 662-2074
(202) 662-2069

*Attorneys for Plaintiff*

135813                                    - 21 -